UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **JAMES N. KITTLING** | **CIVIL ACTION #:** _____ |
| **VERSUS** | **JUDGE** _____ |
| **BOISE CASCADE** | **MAGISTRATE JUDGE** _____ |

**COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, James N. Kittling, for his complaint against Defendant, Boise Cascade, L.L.C., alleges as follows:

**PARTIES**

1.

JAMES N. KITTLING (hereinafter, "Kittling") is the full age of majority and a resident of the Parish of Rapides, State of Louisiana. He is a citizen of the State of Louisiana under the meaning of 28 U.S.C. §1332.

2.

BOISE CASCADE, L.L.C. (hereinafter, "Boise Cascade"), a foreign limited liability company authorized to do business in the State of Louisiana and doing business in the State of Louisiana, organized and existing under the laws of the State of Delaware, with its principal place of business in Idaho, and who is a citizen of the States of Delaware and Idaho, within the meaning and intent of 28 U.S.C. §1332. Boise Cascade may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure through their designated agent for service of process, C.T. Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

**JURISDICTION & VENUE**

3.

This civil action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. This civil action also arises under the Americans with Disabilities Act (ADA), 42 U.S.C. §12101, et seq. This Court has jurisdiction under the provisions of 28 U.S.C. §1343(4) and 42 U.S.C. §2000e-5f and 42 U.S.C. §12117.

4.

Alternatively, there is complete diversity of citizenship between Plaintiffs and Defendant within the meaning and intent of 28 U.S.C. § 1332 and the amount in controversy exceeds the sum of $75,000, exclusive of interest and cost of suit. Therefore, this Court maintains subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

5.

The venue of this action is properly placed in the Western District of Louisiana pursuant to 28 U.S.C. §1391 because the facts giving rise to plaintiff's claim occurred in this district.

**FACTUAL BACKGROUND**

6.

Kittling, a forty-eight year old African-American, applied with Boise Cascade for a job entitled, "Utility Production" at Boise Cascade's plant located in Lena, Rapides Parish, Louisiana.

7.

Kittling was hired by Boise Cascade in the job of "Utility Production" on September 15, 2016.

8.

At the time of hiring and all material times hereto, Kittling was paid $14.77 per hour as a full-time employee (at least 40 hours/per week).

9.

Kittling suffers from gout affecting his left foot. Gout is a painful condition of the feet which causes his left foot to swell and for him to be able to stand for significant period of time. Kittling takes medication which reduces his gout flare-ups.

10.

Boise Cascade was aware of Kittling's medical condition at the time of his hiring, as well as the necessity for him to take his medication in order to complete his job duties.

11.

Boise Cascade originally assigned Kittling to Team 1 of the Utility Production Teams at Boise Cascade. As a matter of routine, Team 1 conducted its safety meetings at 5:45 a.m. before the 6:00 a.m. shift of Team 1 began.

12.

Within eight weeks, and without explanation, Kittling was transferred to Team 2 of the Utility Production Teams at Boise Cascade. Team 2 also had a mandatory requirement for its team members to be clocked into the plant at or before 6:00 p.m. Team 2 did not have its safety meetings prior to the commencement of its daily shift.

13.

On one November morning, Kittling punched into work for his 6:00 a.m. shift at 5:55 a.m., five minutes before his shift was to commence. On this particular day, no comment about clocking in five minutes prior to his shift was made to Kittling.

14.

A couple of days later, Kittling was instructed to see the supervisor, Arthur Fields (hereinafter, "Fields"), in Fields' office.

15.

Fields promptly wrote Kittling up for "being late," even though there was no evidence of any such behavior.

16.

Further, Fields allowed at least two Caucasian employees, one of which was Dalton Christy, to arrive after the commencement of the shift without any disciplinary action.

17.

On the early morning hours of Tuesday, December 6, 2017, Kittling called Boise Cascade's guard shack to inform them of his pending medical appointment at Huey P. Long Clinic for the purpose of treating his gout.

18.

Kittling was also transferred to the Human Resources Department for the ability to leave such a message regarding his absence due to his scheduled medical appointment. Anna, last name unknown, of the Human Resources Department, confirmed that she had received the message regarding the medical appointment.

19.

Kittling had already cancelled two such appointments due to conflicts of work and was suffering from gout flare-ups as a result. The necessity to obtain medication to control his gout required that he attend this medical appointment.

20.

Kittling was not able to reach his supervisor on the morning of December 6, 2017, prior to the scheduled shift.

21.

Kittling received a prescription in order to treat his gout and also obtained a work excuse regarding his medical appointment from the Huey P. Long Medical Clinic.

22.

On Wednesday, December 7, 2017, Kittling provided Fields with both the work excuse and a copy of the prescription in order for these documents to be placed in his personnel file. To his information and belief, Fields did not submit these documents to Human Resources.

23.

After the conclusion of the December 7 shift, Kittling was required to complete a form to explain his absence of December 6. He provided all of the information set forth above regarding his absence.

24.

On December 8, Human Resources confirmed the information regarding Kittling's excused absence of December 6. During this conversation, Kittling was requested not to report to work on December 10 until the matter was discussed with the superintendent, Mark Bossier.

25.

By telephone call of December 12, 2017, Human Resources notified Kittling of his termination from his employment at Boise Cascade, effective December 7, 2016.

26.

In order to maintain the appearance that Kittling was terminated for "misconduct" under Louisiana law, Boise Cascade alleged that Kittling was terminated pursuant to Louisiana Revised

Statute 23:1601. The original decision of the Louisiana Workforce Commission was to deny benefits for unemployment to Kittling.

27.

Subsequently, Kittling appealed this determination and Boise Cascade, lacking a good faith basis for its termination of Kittling, did not appear at the hearing. Kittling's unemployment benefits were reinstated, effective December 7, 2016, through June 24, 2017.

28.

On March 1, 2017, Kittling filed a complaint of racial discrimination and disability discrimination with the Equal Employment Opportunity Commission (EEOC).

29.

On September 19, 2017, the EEOC issued a right to sue letter to Kittling. Upon information and belief, Kittling received the letter on or about September 25, 2017.

30.

Kittling has exhausted all administrative remedies and now maintains a right to bring a civil action under federal law.

**CAUSES OF ACTION**
**COUNT I**
**(Violation of Title VII—Race Discrimination)**

31.

Kittling reincorporates and realleges Paragraphs 1-30.

32.

Kittling shows that the above described actions of Defendant deprived him of the benefits, income, privileges, terms and conditions of his employment with defendant because of his race in

violation of the provisions under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e, et seq.

33.

Kittling shows that the actions of Boise Cascade were simply a pretext for his determination and that Boise Cascade did not have a legitimate, non-discriminatory reason for terminating his employment.

34.

As a result of Defendant's actions, Plaintiff has suffered damages in the following areas:

a) Past, present, and future loss of earnings and fringe benefits;

b) Mental anguish, anxiety, humiliation, embarrassment, and inconvenience (past, present, and future);

c) All other damages allowable by law, including liquidated, exemplary and punitive damages, reasonable attorneys' fees and costs of these proceedings, from the date of the filing of the EEOC Complaint.

## COUNT II
**(Violations of the Americans with Disability Act)**

35.

Kittling reiterates and incorporates Paragraphs 1-34.

36.

Boise Cascade was aware and had knowledge that Kittling suffered from gout prior to his termination.

37.

Boise Cascade knew or should have known that Kittling was a qualified individual with a disability as gout affects a major life activity, i.e. walking and/or standing.

38.

At all material times hereto, Kittling was able to perform the essential functions of his job without complaint.

39.

Further, Kittling was not given any "reasonable accommodation" for his condition, either in the performance of his job or for the allowance of taking any sick/personal/vacation leave for the purpose of receiving treatment for his gout condition, which would allow him to perform the essentials of his job.

40.

Kittling was able to maintain a regular work schedule with predictable attendance while employed at Boise Cascade.

41.

The termination of Kittling from his employment with Boise Cascade was an adverse employment decision to Kittling.

42.

Boise Cascade is a covered entity as defined by the Americans with Disabilities Act (ADA) and is therefore required to comply with the statutes and regulations pertaining to the ADA.

43.

Boise Cascade has discriminated against Kittling for having a disability, i.e. gout, a musculoskeletal impairment which affects a major life activity.

44.

Alternatively, Boise Cascade has perceived that Kittlin has a disability and has discriminated against him on the basis of his perceived disability, i.e. his need for medical care to control his gout.

45.

As a result of Defendant's actions, Plaintiff has suffered damages in the following areas:

a) Past, present, and future loss of earnings and fringe benefits;

b) Mental anguish, anxiety, humiliation, embarrassment, and inconvenience (past, present, and future);

c) All other damages allowable by law, including liquidated, exemplary and punitive damages, reasonable attorneys' fees and costs of these proceedings, from the date of the filing of the EEOC Complaint.

## COUNT III
### (Anti-Retaliation)

46.

Kittling reiterates and incorporates Paragraphs 1-45 of this Complaint into this Count.

47.

Kittling asserts that Boise Cascade's actions were retaliatory in nature and were specific to his complaints of his unequal treatment regarding allegations of tardiness (for which Kittling unequivocally denies) and for absenteeism (for which Kittling has a legitimate basis for, not in violation of Boise Cascade policies and procedures).

48.

As a result of Defendant's actions, Plaintiff has suffered damages in the following areas:

a) Past, present, and future loss of earnings and fringe benefits;

b) Mental anguish, anxiety, humiliation, embarrassment, and inconvenience (past, present, and future);

9

c) All other damages allowable by law, including liquidated, exemplary and punitive damages, reasonable attorneys' fees and costs of these proceedings, from the date of the filing of the EEOC Complaint.

## COUNT IV
(Violation of Louisiana Anti-Discrimination Laws)

49.

Kittling reiterates and incorporates Paragraphs 1-48 of this Complaint.

50.

The allegations set forth herein violate Louisiana Revised Statute 23:323 and Louisiana Revised Statute 23:332 as Boise Cascade's actions constitute discriminatory actions.

51.

Louisiana Revised Statute 23:303 permits civil suits on the basis of discrimination to be filed as civil actions.

52.

As a result of Defendant's actions, Plaintiff has suffered damages in the following areas:

a) Past, present, and future loss of earnings and fringe benefits;

b) Mental anguish, anxiety, humiliation, embarrassment, and inconvenience (past, present, and future);

c) All other damages allowable by law, including liquidated, exemplary and punitive damages, reasonable attorneys' fees and costs of these proceedings, from the date of the filing of the EEOC Complaint.

## COUNT V
(Louisiana Anti-Retaliation Claim)

53.

Kittling reiterates and incorporates Paragraphs 1-52 of this Complaint.

54.

Out of an abundance of caution and with a reservation of right to dismiss this claim if no such law exists under the current statutory scheme, Kittling asserts a retaliation claim against Defendant pursuant to Title 23 and Title 51 of the Louisiana Revised Statutes.

55.

Plaintiff requests all damages set forth in Paragraph 52 of the Petition to the extent that the law allows.

## COUNT VI
(Louisiana Whistleblower Claim)

56.

Kittling reiterates and incorporates Paragraphs 1-55 of this Complaint.

57.

Kittling reported acts that were in violation of both federal and state law, i.e. the unequal treatment of himself compared to two other persons of a different race to his supervisors. No adverse action was taken against the other two individuals.

58.

The actions of Boise Cascade further violate Louisiana Revised Statute 23:967.

59.

As a result of Defendant's actions, Plaintiff has suffered damages in the following areas:

a) Past, present, and future loss of earnings and fringe benefits;

b) Mental anguish, anxiety, humiliation, embarrassment, and inconvenience (past, present, and future);

c) All other damages allowable by law, including treble damages, reasonable attorneys' fees and costs of these proceedings, from the date of the filing of the EEOC Complaint.

60.

Plaintiff. Kittling, is a pauper, and is filing this action and is attaching his Application to Proceed in Forma Pauperis under Section 706(f) of the Civil Rights Act of 1964 to this Complaint as **Exhibit "A."**

61.

Kittling requests trial by jury.

WHEREFORE, Plaintiff, JAMES N. KITTLING, prays that after due proceedings:

1) That Summons and Citation be issued against Defendant, Boise Cascade, L.L.C.;

2) That judgment be rendered in favor of Plaintiff, JAMES N. KITTLING, and against Defendant, BOISE CASCADE, L.L.C., and prays that this Court plaintiff back wages, statutory liquidated damages, and such other monetary award as may be deemed appropriate in amounts to be determined at a trial of this matter;

3) That this Court grant an Order allowing Plaintiff, JAMES N. KITTLING to proceed in forma pauperis;

4) That Judgment be rendered in favor of Plaintiff, JAMES N. KITTLING, and against Defendant, BOISE CASCADE, L.L.C., for all costs, reasonable attorneys' fees, interest (both pre-judgment and post-judgment as allowed by law), and expert witness fees as allowed by law be granted to Plaintiff;

5) For trial on all issues by jury;

6) For all other just and equitable relief.

                                  Respectfully submitted,

                                  */s/ Jeremy Cedars*
                                  Jeremy Cedars (#27992)
                                  Lineage Law, L.L.C
                                  4615 Parliament Drive, Ste. 202
                                  Alexandria, Louisiana 71303
                                  Telephone: (318) 767-2226
                                  Facsimile: (888) 200-3530
                                  *Attorney for Plaintiff, James N. Kittling*

                                  Daniel E. Broussard (#3510)
                                  P.O. Box 1311
                                  Alexandria, Louisiana 71309
                                  Telephone:     (318) 487-4589
                                  *Attorney for Plaintiff, James N. Kittling*

Please serve Summons and Complaint in compliance with Rule 4 to:

Boise Cascade, L.L.C.
through its designated agent for service of process
C.T. Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816